IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

IN RE HOLLY SPRINGS REALTY GROUP, LLC   NO. 09-12982-DWH
                             CHAPTER 7

MOTION FOR RELIEF FROM THE
AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY

COMES NOW BancorpSouth Bank, a party in interest in this case, and, by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 362 and 554, moves the Court for relief from the automatic stay and for abandonment of property. As grounds for the relief requested, BancorpSouth shows as follows:

(1) The subject of this motion is condominium unit 309 of The Van Buren condominium in Oxford, Mississippi ("Unit 309"). Unit 309 is more particularly described as follows:

> Unit 309, in the Plan of Condominium of The Van Buren, a condominium as same is created, established and dedicated in a certain Plan of Condominium and Declaration of Covenants, Conditions and Restrictions of record in the office of the Chancery Clerk of Lafayette County in Oxford, Mississippi, in Book 514 at page 614, as supplemented by Supplement to the Plan of Condominium and Declaration of Covenants, Conditions and Restrictions for The Van Buren recorded in Book 518 at page 105, together with an undivided 1/30th interest in and to the Common Area of The Van Buren appurtenant to said unit, as such interest is defined in said Plan of Condominium and Declaration of Covenants, Conditions and Restrictions.

Unit 309 also includes an undivided 1/30th interest in the common area as defined in said plan.

(2) BancorpSouth is the holder of a duly perfected first mortgage lien against the entire condominium of which Unit 309 is a part and thereby holds a first mortgage lien against Unit 309. Said mortgage lien arises under Deeds of Trust recorded in Book 810, beginning at page 22, in the land records in the office of the Chancery Clerk of Lafayette County, Mississippi. A copy of said deed of trust is attached hereto as Exhibit "A".

(3) BancorpSouth's lien against Unit 309 dates from 2001 and secures payment of an indebtedness owed to BancorpSouth and others in the amount of $1,286,042.20 as of May 6, 2009, with no payments having been made thereon subsequent to May 6, 2009. Said amount does not include interest and costs and expenses of collection which have accrued and been incurred subsequent to May 6, 2009.

(4) Unit 309 is, in part, the subject of lawsuit styled <u>BancorpSouth Bank v. Van Buren Group, LLC et al.</u>, No. 2007-504A in the Chancery Court of Lafayette County, Mississippi (the "Lawsuit"). Debtor is a party to the Lawsuit. The relief sought by BancorpSouth in the Lawsuit, in part, is foreclosure of its deed of trust against Unit 309.

(5) On August 29, 2005, Unit 309 was sold by the City of Oxford, Mississippi, to the Debtor for the amount of $472.68, representing delinquent municipal ad valorem taxes for calendar year 2004. On February 14, 2008, Debtor applied for and received from the City of Oxford, Mississippi, a tax deed to Unit 309 which

was subsequently recorded in the land records of Lafayette County, Mississippi.

(6) The City of Oxford, Mississippi, failed to provide notice to BancorpSouth, as mortgage lienholder, that title to Unit 309 would become absolute in Debtor unless BancorpSouth redeemed Unit 309 from the tax sale. Because such notice was not given to BancorpSouth, the mortgage lien of BancorpSouth was unaffected by the tax sale of Unit 309 by the City of Oxford, Mississippi, to Debtor and that, consequently, BancorpSouth continues to hold a valid subsisting, first, prime, paramount mortgage lien against Unit 309.

(7) Following a hearing in the Lawsuit in which Debtor appeared and was heard, the Chancery Court entered an order dated May 6, 2009 (the "Order") finding and adjudicating the matters set forth in Paragraph (6) above and ordering the judicial foreclosure of Unit 309. A copy of the Order is attached hereto as Exhibit "B". Thereafter, the special commissioner appointed under the Order commenced publication of notice of sale of Unit 309, fixing June 15, 2009 as the sale date.

(8) On June 12, 2009, Debtor filed a notice of appeal in the Lawsuit appealing the entry of the Order. The appeal was without supersedeas. To the best of BancorpSouth's knowledge, the appeal has not been docketed in either the Supreme Court of Mississippi or in the Mississippi Court of Appeals.

(9) On June 12, 2009, three days prior to the scheduled sale of Unit 309, Debtor commenced this Chapter 7 bankruptcy.

(10) Debtor has commenced this case in an attempt to use the automatic stay as a substitute for a supersedeas bond, to relitigate matters already litigated in and decided by the Chancery Court, to use this Court as an additional or alternative court of review of the proceedings in the Chancery Court which resulted adversely to Debtor, and to generally delay, hinder and frustrate BancorpSouth.

(11) Debtor has not filed this case in good faith.

(12) Debtor's petition filed at the commencement of this case lists the estimated value of its assets at $0.00 to $50,000.00, which value presumably includes the value of its interest in Unit 309.  The amount of BancorpSouth's lien against Unit 309 greatly exceeds the value of Unit 309.  Debtor owns no nonexempt equity in Unit 309.

(13) The continuation of the automatic stay is prejudicial to BancorpSouth's interests.  Good cause exists for the relief requested.

WHEREFORE, BancorpSouth requests the Court to order the abandonment of Unit 309 as described in the Order and that the Court immediately terminate the automatic stay arising under 11 U.S.C. § 362 as to the same and BancorpSouth so that BancorpSouth may resort to its rights therein in accordance with the Order under

applicable nonbankruptcy law and that the ten-day stay arising under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.  BancorpSouth requests such other relief as may be appropriate.

    Respectfully submitted,

    BANCORPSOUTH BANK

    By and through its attorney:

    /s/ Les Alvis
    LES ALVIS
    Bar Number 1548

OF COUNSEL:

RILEY, CALDWELL, CORK & ALVIS, P.A.
207 Court Street
Post Office Box 1836
Tupelo, Mississippi 38802-1836
(662) 842-8945

John J. Crow, Jr.
Bar Number 7901
JOHN J. CROW, JR., PLLC
203 Wagner Street
Water Valley, Mississippi 38965
(662) 473-1870

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below I electronically filed the within and foregoing MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY with the Clerk of the Court using the ECF system which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date set forth below, including the following:

Stephen P. Livingston ms09@ecfcbis.com

William F. Schneller wschneller@gmail.com

U. S. Trustee USTPRegion05.AB.ECF@usdoj.gov

This 26th day of June, 2009.

<u>/s/ Les Alvis</u>
LES ALVIS
Bar Number 1548